## North Union Township Auditors' Report.

B. V. O'Hare and F. F. O'Hare, for auditors.
L. R. Enterline, for exceptants.

HOUCK, J., April 21, 1930.—S. A. Klinger, secretary-treasurer of the Board of Supervisors of North Union Township, appealed from the report of the auditors of said township for the years 1922 to 1928, inclusive, and, reserving the right to file additional exceptions to the merits of the audit, assigned two exceptions, to wit, (1) said audit is without warrant in law since it includes the accounts for more than a single year; and (2) said audit is without warrant and is irregular in law because it is not itemized.

At the argument, the first exception was abandoned and the appellant conceded that the auditors had the power to audit the accounts for the several years in question. Hence, the sole question in the case is whether the appeal may be sustained on the ground that the auditors' report is not itemized.

The appellant is surcharged, as treasurer of the board of supervisors, in the sum of $434.80, and, as supervisor, in the sum of $392.44. His receipts and expenditures are not particularly itemized in the report, but it is stated therein that he received from the tax collector the amounts following: April 11, 1923, $100; May —, 1923, $200; Nov. 3, 1923, $21; a total of $321, and that his account does not show that the township received these amounts. These items, with interest, total $434.80. The surcharge against appellant as supervisor is made up of an item amounting to $264 received by him as fees for attendance at meetings of the supervisors, the auditors finding that it was his duty to attend the meetings as secretary and treasurer, for the performance of which duties he was paid commissions; another item of $115, being the amount paid him for writing the tax duplicates; and the final item being $13.44, which he received from the township for machinery, tools and supplies. Therefore, although the report is not itemized in detail, the manner in which the surcharge against the appellant is made up is readily ascertainable.

It is the duty of the auditors, under the provisions of section 327 of the Act of July 14, 1917, P. L. 840, to file with the clerk of the Court of Quarter Sessions a concise itemized statement of the receipts and expenditures of the several township officers. If they fail to file such a report, they may be compelled to do so by mandamus (Com. ex rel. District Attorney v. Moyer et al., 7 D. & C. 179.), but we do not think failure to file a report in the form required by the statute is ground for appeal. The purpose of the appeal is to correct errors which, if permitted to stand uncorrected, will affect the true financial liability of any officer to the township or of the township to any officer. The accounts of the officer in question may be investigated de novo on appeal, and in this way the true financial liability ascertained. In our opinion, the appellant has mistaken his remedy so far as the attack on the form of the report is concerned, but since he reserved the right to file exceptions to the merits of the audit, we shall permit him to do so. Undoubtedly, his real purpose is to appeal from the surcharge against him, and he has sufficient notice from the audit of the items constituting the surcharge.

The exceptions to the auditors' report are dismissed and the appellant is allowed fifteen days from this date to file additional exceptions to the merits of the auditors' report and settlement.

And now, April 21, 1930, an exception is allowed appellant and bill is sealed.

And now, April 21, 1930, an exception is allowed the appellee and bill is sealed.

From M. M. Burke, Shenandoah, Pa.